UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX GONZALEZ,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN JORDAN HOLLINGSWORTH,<br><br>          Respondent. | Civ. No. 15-2993 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

## I.       INTRODUCTION

Petitioner, Felix Gonzalez, is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 12, 2015, this Court administratively terminated this action as petitioner failed to pay the $5.00 filing fee and had not submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II.      BACKGROUND

Petitioner is currently serving a 144 month sentence after pleading guilty to conspiracy to distribute narcotics. Petitioner does not challenge this conviction in this habeas petition. Instead, petitioner's sole claim is that "[t]he Bureau of Prisons unlawfully revoked good conduct time for a prohibited act which [he] did not commit." (Dkt. No. 1 at p. 6.)

## III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir.2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir.2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

As noted above, petitioner's claim is that the Bureau of Prisons ("BOP") has unlawfully revoked good conduct time for a prohibited act which petitioner alleges he did not commit. This claim may potentially implicate petitioner's due process rights. Indeed:

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). . . .
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557, 94 S. Ct. 2963. "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by

2

> some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (internal quotation marks and citation omitted). As this court has clarified, the "some evidence standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding. *See Brown v. Fauver*, 819 F.2d 395, 399 n. 4 (3d Cir. 1987).

*Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (footnote omitted). The "some evidence" "standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (per curiam) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill*, 472 U.S. at 455-56).

While petitioner's habeas petition is entitled to less stringent pleading requirements because he is proceeding *pro se* as previously explained, the rules governing habeas corpus petitions do still require that petitioner specify all ground for relief and state the facts supporting each ground. *See* Rule 2 of Rules Governing Section 2254 Cases, applicable through Rule 1(b); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements."). Indeed, vague and conclusory allegations contained in a habeas petition may be dismissed without further investigation. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (citing *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)).

Petitioner's short statement in his claim that the BOP unlawfully revoked his good time credits for a prohibited act he did not commit is too vague for purposes of properly raising a federal habeas claim. For example, petitioner does not state what prohibited act he was found to

have committed by the BOP. Furthermore, he does not state how many days of good time credits were taken away by the BOP or when this occurred. Therefore, under these circumstances, this Court will summarily dismiss the habeas petition without prejudice due to its vagueness.

If petitioner wishes to refile a habeas petition that provides this Court with the proper level of detail with respect to his claims, petitioner may do so under this Civil Action number within thirty days. If petitioner elects to refile his habeas petition, then this Court will reopen this action and screen the newly filed petition.

### V.    CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed due to vagueness. An appropriate order will be entered.

DATED: July 2, 2015

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge