UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FELIX GONZALEZ, | : | |
| Petitioner, | : | Civ. No. 15-2993 (RBK) |
| v. | : | |
| WARDEN JORDAN HOLLINGSWORTH, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner, Felix Gonzalez, is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that a prison disciplinary finding against him lacked "some evidence" such that good time credits were improperly taken away. For the following reasons, the habeas petition will be granted and the respondent will be ordered to conduct a new disciplinary hearing.

## II.    BACKGROUND

According to a prison discipline incident report, a unit officer found a cell phone in Unit 5703 in room 319 on June 28, 2014. The phone was analyzed and a number was found on that cell phone on the approved phone list of petitioner. The number in question is the phone number to petitioner's wife house.

On July 2, 2014, a Unit Discipline Committee referred the incident report to the Discipline Hearing Officer ("DHO"). Petitioner was advised of his rights in preparation for the DHO hearing. Petitioner declined the right to call witnesses and his right to a staff representative.

On July 16, 2014, a DHO hearing was held. The DHO report indicates that petitioner did not request any witnesses and waived his right to a staff representative. Petitioner stated at the DHO hearing that he recognized the number on the cell phone as being the number to his house, but that his "wife tries to help people and someone may have given the number to other people." (Dkt. No. 8-1 at p. 24)

The DHO took into consideration petitioner's statements that he made at the hearing in reaching a decision. However, the DHO found that petitioner had violated Code 108A – aiding in the possession of a hazardous tool by stating the following:

> The fact that this phone number is tied through you and you have been assigned to the unit where the cell phone was found shows that you had the opportunity to have this person contact for you or you contacted this person, and it is seen as you deriving a benefit from this cell phone.

(Dkt. No. 8-1 at p. 25) Petitioner received a sanction of the disallowance of forty days good conduct time among other sanctions.

Petitioner appealed the DHO's decision to the Regional Director which denied the appeal. The Regional Director explained petitioner's argument and rejected it on appeal as follows:

> Your contention is there is no evidence to support the charge is without merit. The number on the cell phone is your Wife's number. In your appeal you stated the call was an incoming call and was not answered. A review of the record reveals this information was not disclosed and only the person possessing the cell phone at the time of the call would know this information. It is your responsibility to advise your family and friends of institutional rules that apply to them, including the inmate telephone system regulations.

(Dkt. No. 8-1 at p. 11) The BOP's Central Office then denied petitioner's appeal from the Regional Director's decision. (*See id.* at p. 15)

Petitioner subsequently filed this federal habeas petition. Petitioner argues that the DHO's decision was improper as it lacked "some evidence." Petitioner argues that he is not the only inmate housed at FCI Fort Dix that would have reason to call his wife's number as he has several long-standing relationships with other inmates at FCI Fort Dix. Additionally, he claims that the DHO's decision lacked some evidence because the call was an incoming call that was never answered. Thus, there was no evidence that he actually placed a call from the cell phone or used it for any purposes. Finally, petitioner argues that another inmate accepted responsibility for ownership of the cell phone.

Respondent filed an answer in opposition to the habeas petition. Thereafter, petitioner filed a reply in support of his habeas petition.

### III.   DISCUSSION

Petitioner argues that there was insufficient evidence before the DHO to find him guilty of the disciplinary charge. As noted by the United States Court of Appeals for the Third Circuit:

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann,* 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974))....
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff,* 418 U.S. at 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935. "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by some evidence in the record." *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (internal quotation marks and citation omitted). As this court has clarified, the "some evidence standard is a standard of appellate

> review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding. *See Brown v. Fauver,* 819 F.2d 395, 399 n. 4 (3d Cir.1987).

*Denny v. Schultz,* 708 F.3d 140, 144 (3d Cir. 2013) (footnote omitted). The "some evidence" "standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers,* 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill,* 472 U.S. at 455–56).

While the cell phone in question was not found within petitioner's possession, courts have found that the presence on a cell phone of a number which *only* appears on a particular inmate's approved phone list constitutes "some evidence" that such inmate possessed the cell phone in question. *See Burns v. Hollingsworth*, No. 13-5485, 2014 WL 1117932, at *2 (D.N.J. Mar. 20, 2014) (citing *Ester v. Fed. Bureau of Prisons,* No. 11–319, 2012 WL 3984589, at *4 (E.D. Tex. Aug. 14, 2012) (citing *Corpening v. Johns,* No. 11–2057, 2012 WL 3228814 (E.D.N.C. Aug. 6, 2012); *Rizo v. Rios,* No. 11–1009, 2011 WL 2671465 (C.D. Ill. July 8, 2011); *Franco v. Adler,* No. 09–0325, 2011 WL 826256 (E.D. Cal. Mar. 2, 2011), *report and recommendation adopted by,* 2011 WL 1219260 (E.D. Cal. Mar.3 0, 2011); *Marin v. Bauknecht,* No. 07–0165, 2007 WL 3377152 (D.S.C. Nov. 9, 2007)), *report and recommendation adopted by,* 2012 WL 3984571 (E.D. Tex. Sept. 10, 2012); *Briggs v. Quintana,* No. 13–0330, 2014 WL 320591, at *5 (E.D. Ky. Jan. 29, 2014) (finding "some evidence" where "the fact that the telephone number dialed from the cell phone found in the ice machine belonged to Briggs' sister; and the fact that this very same telephone number was on Briggs' approved phone list and *not* on the approved phone list of

any other FCI–McKean inmate") (emphasis in original); *Zebrowski v. Gutierrez,* No. 11–9254, 2013 WL 6709762, at *13 (C.D. Cal. Dec. 11, 2013) ("The federal courts repeatedly have found that evidence of the sort involved here—a cell phone discovered outside of the inmate's immediate presence but containing only evidence tying it to a phone number that appears only on the inmates approved phone list—is sufficient to satisfy the 'some evidence' standard.")). In *Burns*, this Court found that the DHO's decision met the minimally stringent "some evidence" standard because the phone number found on the cell phone was only on petitioner's approved list and the fact that the petitioner admitted that he recognized the number. *See* 2014 WL 1117932, at *3.

Respondent cites to this Court's decision in *Burns* in asserting that the DHO's decision in this case was similarly supported by "some evidence." However, respondent's reliance on *Burns* in this case is slightly misplaced. Indeed, in *Burns* (and the cases cited by *Burns*), this Court was clear to note that the DHO's decision met the "some evidence" standard because the phone number found on the cell phone was *only* on petitioner's approved list. *See id.* at *3. In this case, however, there is no indication that the DHO had that evidence before him when he rendered his findings on the disciplinary charge. Indeed, the DHO merely stated that the number was on petitioner's list, but the DHO did not make the additional finding that the number was *only* on petitioner's approved list. Furthermore, the Special Investigative Section Technician expressly notes that he did not specifically state in the incident report that the number found on the cell phone was found to only be located on petitioner's account, despite this being the case. (*See* Dkt. No. 8-2 at p. 2) Thus, the DHO did not have before him a piece of evidence that courts have appeared to note is important in meeting the "some evidence" threshold. Accordingly, in light of the fact that the DHO lacked sufficient evidence at the time to meet the "some evidence"

threshold, this Court will grant the habeas petition and order that a new DHO hearing take place.[1] *See, e.g.*, *Waddy v. Martinez*, No. 09-1145, 2009 WL 5214971, at *4 (M.D. Pa. Dec. 29, 2009) (ordering new DHO hearing where there was a lack of "some evidence" to support previous DHO findings). Because this Court is ordering a new DHO hearing in light of the lack of "some evidence," this Court need not consider petitioner's other arguments raised in his habeas petition at this time.

## IV.    CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is granted and the respondent shall conduct a new DHO hearing within sixty (60) days of the date of this Order. An appropriate order will be entered.

DATED: April 28, 2016                              s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge

---

[1] In this case, the same Special Investigative Section Technician who wrote the incident report against petitioner has also expressly stated in this habeas proceeding (but not before the DHO) that the phone number found on the cell phone "was found to only be located on the Petitioner's account." (*See* Dkt. No. 8-2 at p. 2 (emphasis added)) Petitioner does not contest this fact in his reply brief. However, as indicated above, this evidence was not before the DHO when he made his decision. Thus, this Court will not consider this evidence in its analysis as it has been raised for the first time in this habeas proceeding. *See, e.g.*, *Denny*, 708 F.3d at 144 ("[T]he 'some evidence' standard is a standard of *appellate review* to be applied by the district court[.]") (emphasis added). Of course, such evidence can presumably be brought forward by respondent in any new DHO hearing.